**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 30, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-31040
(Summary Calendar)
_____

GREGORY P. AUCOIN,

Plaintiff,

versus

PHIL HANEY, Individually and in
his capacity as District Attorney
for the 16th Judicial District
Court,

Defendant-Third Party Plaintiff-Appellant,

versus

CERTAIN UNDERWRITERS AT LLOYD'S
LONDON, Subscribing to Color Note,
Certificate and/or Policy No.
CEM 701, Endorsement No. 14542 and
Authorization # CP 9907770-A,

Third-Party Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(00-CV-698)
_____

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

As third party plaintiff, District Attorney Phil Haney appeals the district court's denial of his motion for summary judgment and grant of the motion of summary judgment of appellee Certain Underwriters at Lloyd's London ("Underwriters"), dismissing Haney's third party claims against Underwriters for failure to provide (or to reimburse him for the costs of) a legal defense against the § 1983 claims of Plaintiff Gregory P. Aucoin.  We affirm.

## I.  FACTS & PROCEEDINGS

After Haney's precedessor as district attorney for Louisiana's 16th Judicial District Court resigned in mid-term, Haney became acting district attorney and announced his candidacy to fill his predecessor's unexpired term.  According to Aucoin, Haney's predecessor talked with Aucoin, a 20-year assistant district attorney in the same office, urging that he either support Haney's election bid or resign.  Aucoin alleged that he declined this suggestion and thereafter rejected Haney's entreaty of political support, whereupon Haney fired Aucoin.

Aucoin sued Haney in federal district court, alleging various constitutional violations, each of which stemmed from Aucoin's firing by Haney for failure to support Haney's candidacy for district attorney (and, apparently, for supporting an opposition candidate).  Haney requested that Underwriters provide defense and indemnification under its lawyers professional liability insurance policy (the "policy"), but Underwriters declined based on (1) the policy's express exclusions of claims related to employment practices, and (2) Haney's predecessor's rejection of employment

2

practices coverage when that policy was applied for and obtained to cover legal claims arising from professional liability, personal injury, disciplinary proceedings, punitive damages, and criminal defense.

The district court denied Haney's motions for summary judgment seeking dismissal of Aucoin's suit or, alternatively, a grant of qualified immunity, and Haney appealed to us. We reversed the district court, holding that Haney had not violated Aucoin's First Amendment rights, and remanded to the district court for further consistent proceedings.[1]

Haney pursued his third party demand against Underwriters to recover attorneys' fees and other costs and expenses incurred in his successful defense of Aucoin's claims. Haney and Underwriters filed opposing motions for summary judgment, each relying principally on the language of the policy and the application of the district attorney's office for professional liability coverage. The district court denied Haney's summary judgment motion and granted Underwriters's, dismissing Haney's claims in their entirety. Haney timely filed a notice of appeal.

## II.  ANALYSIS

A.  Standard of Review

Our employment of the <u>de novo</u> standard of review of a district court's grant of summary judgment is too well known to require citation. Here, the applicability of <u>de novo</u> review is all the more obvious, given that neither party asserted the existence of

---

[1] See <u>Aucoin v. Haney</u>, 306 F.3d 268 (5th Cir. 2002).

3

factual disputes, so that the outcome turned on undisputed facts and contractual interpretation of the subject insurance policy and related documents.

B.    Discussion

It took the district court only seven pages of double-spaced, typewritten, letter-size stock (2-1/2 of which pages were devoted to a long-form reiteration of the summary judgment standard that both we and the district court employ) to explicate pellucidly its grant of Underwriters's motion for summary judgment and its denial of Haney's.  Our careful review of the district court's ruling, the summary judgment record, and the arguments advanced by the parties' respective counsel in their appellate briefs convinces us beyond cavil that the district court was correct in all respects.

That court charitably characterized Haney's interpretation of the policy as "highly doubtful" and his arguments as "unusual."  We shall  be  more  frank:   Haney's  appellate  arguments  and  his characterization of the provisions of the subject insurance policy and application are sophistry incarnate.  Not only did the insured affirmatively decline coverage of employment practices claims, the policy itself expressly, unequivocally, and unambiguously excludes employment claims of every nature from its coverage.  And, we are satisfied that, as a matter of law, there can be no non-frivolous contention that the claims asserted by Aucoin were anything other than employment claims, pure and simple:  Haney fired Aucoin when he refused to support Haney's election bid, and all of Aucoin's

judicially asserted claims arose from or were connected with that termination of his employment.

### III. CONCLUSION

For essentially the same reasons advanced by the district court in its succinct yet completely definitive Memorandum Ruling, we affirm summary judgment in favor of Underwriters, dismissing Haney's claims for costs and expenses incurred in defending Aucoin's lawsuit.

AFFIRMED, at Haney's cost.